UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VETORIA BARNETT, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| v. | )    CIVIL ACTION NO.: |
| | ) |
| CORELOGIC SAFERENT, | )    **1:16-CV-00298-JMS-DML** |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC. AND | ) |
| TRANSUNION, LLC, | ) |
| | ) |
|     DEFENDANTS. | ) |

FIRST AMENDED COMPLAINT

DEMAND FOR JURY TRIAL

PRELIMINARY STATEMENT

1. Pursuant to Fed. R. Civ. Pro. 15(a)(1)(A), Plaintiff amends her Complaint as a matter of right as follows. This is an action for damages brought by an individual consumer, Vetoria Barnett ("Plaintiff"), against Defendants CoreLogic SafeRent ("CoreLogic"), Experian Information Solutions, Inc. ("Experian") and TransUnion, LLC ("Trans Union") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.,* as amended.

2. CoreLogic, Experian and Trans Union have been selling consumer reports pertaining to Plaintiff inaccurately marking a judgment against Plaintiff as unpaid. The information is inaccurate because the judgment was paid and satisfied.

3. Defendants violated Plaintiff's rights under the FCRA as detailed below.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6. Plaintiff, Vetoria Barnett, is an adult individual who resides in Indianapolis, Indiana.

7. Defendant Corelogic SafeRent ("CoreLogic") is a business entity that regularly conducts business in this judicial district and has a principle place of business located at 40 Pacifica, Suite 900, Irvine, California 92618. CoreLogic is a person, consumer reporting agency and reseller as defined by 15 U.S.C. §§ 1681a(b), (f) and (u).

8. CoreLogic regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined by 15 U.S.C. §1681a(f) to third parties.

9. CoreLogic provides consumer reports to third parties of contract for monetary compensation.

10. Defendant Experian Information Solutions, Inc., ("Experian") is a business entity that regularly conducts business in this judicial district. Experian's

principle place of business is located at 475 Anton Blvd. Costa Mesa, California 92626. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Experian disburses such consumer reports to third parties of contract for monetary compensation.

11. Defendant TransUnion, LLC ("Trans Union") is a business entity that regularly conducts business in this judicial district. Trans Union's principle place of business is located at 555 W. Adams Street, Chicago Illinois 60661. Trans Union is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Trans Union regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined by 15 U.S.C. §1681a(f) to third parties. Trans Union disburses such consumer reports to third parties of contract for monetary compensation.

12. The above defendants are referred to collectively to throughout the complaint as the "Defendants."

13. At all times relevant hereto, the below described credit reports were "consumer reports" as defined by 15 U.S.C. § 1681a(d).

FACTUAL ALLEGATIONS

14. Experian and Trans Union are regulated as a "consumer reporting agency" ("CRA") under the FCRA 15 U.S.C. § 1681a(f).

15. CoreLogic is regulated as a CRA and reseller under sections 1681a(f) and (u).

16. Upon information and belief, Defendants sell millions of consumer reports (commonly referred to as "credit reports" or "reports") per day and also sell credit scores. 15 U.S.C. § 1681a(d).

17. Pursuant to the FCRA, Defendants must follow procedures which assure that the reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. § 1681e(b).

18. Pursuant to the FCRA, Defendants must maintain and follow reasonable procedures "to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

19. Plaintiff applied for housing in March 2015.

20. In connection with her housing application, CoreLogic provided a consumer report pertaining to Plaintiff to Creekside Square Apartments ("Creekside").

21. More than a year after the judgment was satisfied, the consumer report provided to Creekside included the inaccurate information described above in paragraph 2.

22. Plaintiff's application for housing was denied "based on information contained in a consumer report (s) obtained from or through Corelogic SafeRent, LLC."

23. Prior to sale of its consumer report about Plaintiff, CoreLogic did nothing to assure the accuracy of the information provided to Creekside.

24. Upon information and belief, CoreLogic does not check the current status of public records before relaying public information to users of its consumer reports.

25. CoreLogic failed to assure the maximum possible accuracy of Plaintiff's consumer report provided to Creekside, and other users of Plaintiff's CoreLogic consumer report.

26. Trans Union provided Plaintiff's consumer report to users and included the inaccurate information described in paragraph 2.

27. Upon information and belief, Trans Union failed to update the status of the judgment until more than a year after the judgment was satisfied.

28. Trans Union failed to assure the maximum possible accuracy of Plaintiff's consumer report provided to users of Plaintiff's Trans Union consumer report.

29. In or around September 2014, Plaintiff applied for a credit account with Capital One.

30. In connection with her credit application, Experian provided a consumer report pertaining to Plaintiff to Capital One.

31. At least six months after the judgment was satisfied, Experian provided a consumer report to at least one user with the inaccurate information described in paragraph 2.

32. Plaintiff's application for credit at Capital One was approved; however, she received unfavorable terms.

33. Experian failed to assure the maximum possible accuracy of Plaintiff's consumer report provided to Capital One, and other users of Plaintiff's Experian consumer report.

34. Plaintiff disputed the false information.

35. Defendants received a dispute concerning the false information in paragraph 2.

36. Plaintiff has suffered actual damages in the form of lost housing, credit opportunities, credit defamation, unfavorable credit terms, out of pocket expenses, interference with normal and usual activities, invasion of privacy, and emotional distress, including anxiety, frustration, humiliation and embarrassment.

37. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope

of its agency or employment, and under the direct supervision and control of the Defendants herein.

38. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

COUNT ONE – VIOLATIONS OF THE FCRA
(Plaintiff v. CoreLogic)

39. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

40. At all times pertinent hereto, CoreLogic was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

41. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

42. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

43. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, CoreLogic is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

44. The conduct of CoreLogic was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, CoreLogic is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT TWO – VIOLATIONS OF THE FCRA
(Plaintiff v. Trans Union)

45. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

46. At all times pertinent hereto, Trans Union was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

47. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

48. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

49. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Trans Union is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

50. The conduct of Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT THREE – VIOLATIONS OF THE FCRA
(Plaintiff v. Experian)

51. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

52. At all times pertinent hereto, Experian was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

53. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

54. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

55. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Experian is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

56. The conduct of Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Experian is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMANDED

57. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendants, based on the following requested relief:

On the First Claim for Relief:

    (a) Actual damages;

    (b) Statutory damages;

    (c) Punitive damages;

    (d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

    (e) Such other and further relief as may be necessary, just and proper.

On the Second Claim for Relief:

    (a)    Actual damages;

    (b)    Statutory damages;

    (c)    Punitive damages;

    (d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

    (e)    Such other and further relief as may be necessary, just and proper.

On the Third Claim for Relief:

    (a)    Actual damages;

    (b)    Statutory damages;

    (c)    Punitive damages;

    (d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

    (e)    Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

/s/ Micah S. Adkins
Micah S. Adkins (admitted *pro hac vice*)
THE ADKINS FIRM, P.C.
301 19th Street North, Suite 581
Birmingham, Alabama 35203
Telephone: 205-458-1204
Facsimile: 205-208-9632
Email: MicahAdkins@ItsYourCreditReport.com

CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2016, I served the foregoing document by Certified U.S. Mail postage pre-paid on the following parties listed below:

CoreLogic Saferent, LLC
c/o Registered Agent
Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301-2525

Experian Information Solutions, Inc.
c/o Registered Agent
CT Corporation System
2 North Jackson St., Suite 605
Montgomery, Alabama 36104

/s/ Micah S. Adkins
Micah S. Adkins

I hereby certify that on March 1, 2016, I filed the foregoing document using CM/ECF system, which will serve electronic notice of same on the following counsel of record:

Andrew M. Lehmann
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
*Counsel for Defendant, Trans Union, LLC*

/s/ Micah S. Adkins
Micah S. Adkins